UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK INABINET,

                              Plaintiff,

                      -against-

THE CITY OF NEW YORK, and P.O.s"JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name
"John Doe" being fictitious, as the true names are presently unknown),

                              Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

BRODIE, J.

CV 14 4894

FILED CLERK
'14 AUG 18 PM 12:56
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

        Plaintiff, Mark Inabinet, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

        3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## PARTIES

5.     Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

6.     Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

8.     At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

9.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

12. On or about May 11, 2013 at approximately 7:00 p.m., plaintiff Mark Inabinet was lawfully residing at 654 Kings Borough Highway, Apartment 2B in the County of Kings, in the City and State of New York.

13. Defendant police officers proceeded to bang on the door of the apartment, demanding that plaintiff Mark Inabinet open the door.

14. Defendant police officers did not have a warrant.

15. Plaintiff Mark Inabinet asked the police why they were knocking on the door, but defendants refused to answer.

16. Plaintiff Mark Inabinet then chained the door and cracked the door open in an attempt to speak with the officers and gather information as to why they were at the apartment.

17. Defendant police officers then busted the door open and entered the apartment without a warrant and without the consent of plaintiff MARK INABINET.

18. Defendant police officers proceeded to beat plaintiff Mark Inabinet.

19. Plaintiff Mark Inabinet sustained multiple injuries to head, face and body.

20. Thereafter, plaintiff Mark Inabinet was arrested, handcuffed and taken to Central Booking.

21. In connection with this arrest, defendant police officers prepared false and misleading reports and forwarded same to the Kings County District Attorney's office.

22. Plaintiff Mark Inabinet's 4-year-old daughter was left behind, causing plaintiff to suffer sever distress in worrying about her welfare.

23. As a result of defendants' unlawful conduct, plaintiff MARK INABINET spent approximately twenty-four (24) hours in police custody.

24. On May 12, 2013, plaintiff Mark Inabinet was released on bail for $1,500.

25. Thereafter, all charges against plaintiff Mark Inabinet were dismissed.

26. Plaintiff has complied with all the conditions precedent of the bringing of this action, and has complied with all provisions of the Charter of the City of New York, and the plaintiff has, prior to the bringing of this action and within ninety days after the injuries hereinafter described were received, duly served notice upon the Corporation Counsel and the Comptroller for the City of New York of his intention to sue upon the claim set forth. More than thirty days have elapsed since the presentation of the Notice of Claim, and that the said claim remains unadjusted and the said Comptroller has failed and/or refused to make any adjustment thereof. Plaintiff plants to appear for a hearing held pursuant to the General Municipal Law Section 50-h. The instant action is being filed within one year and ninety days of the date in which plaintiff's claims accrued upon his release from prison.

27. As a result of the foregoing, plaintiff Mark Inabinet sustained, *inter alia*, injuries to his ribs, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiff Mark Inabinet of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of defendants' aforementioned conduct, plaintiff Mark Inabinet was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants misrepresented and falsified evidence before the District Attorney.

39. Defendants did not make a complete and full statement of facts to the District Attorney.

40. Defendants withheld exculpatory evidence from the District Attorney.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against Mark Inabinet.

42. Defendants lacked probable cause to initiate criminal proceedings against plaintiff Mark Inabinet.

43. Defendants acted with malice in initiating criminal proceedings against plaintiff Mark Inabinet.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Mark Inabinet.

45. Defendants lacked probable cause to continue criminal proceedings against plaintiff Mark Inabinet.

46. Defendants acted with malice in continuing criminal proceedings against Mark Inabinet.

47. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff Mark Inabinet's favor when all charges against him were dismissed.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff Mark Inabinet's constitutional rights.

52. As a result of the foregoing, plaintiff sustained, *inter alia*, bodily injuries, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FORTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54. Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff Mark Inabinet from being violated by other police officers in their presence.

55. Defendant Police Officers violated plaintiff Mark Inabinet's constitutional rights in the presence of their police colleagues.

56. Defendant Police Officers had reason to know plaintiff's constitutional rights were being violated.

57. Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, Mark Inabinet but failed to do so.

58. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of plaintiff Mark Inabinet's constitutional rights.

59. As a result of the foregoing, plaintiff Mark Inabinet sustained, *inter alia*, bodily injuries, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" as if the same were more fully set forth at length herein.

61. Defendants created false evidence against plaintiff Mark Inabinet.

62. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

63. In creating false evidence against plaintiff Mark Inabinet, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

64. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The aforementioned individual defendants issued legal process to place plaintiff Mark Inabinet under arrest.

67. The aforementioned individual defendants arrest plaintiff Mark Inabinet in order to obtain a collateral objective outside the legitimate ends of the legal process.

68. The aforementioned individual defendants acted with intent to do harm to plaintiff Mark Inabinet, without excuse or justification.

69. As a result of the foregoing, plaintiff Mark Inabinet sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" as if the same were more fully set forth at length herein.

71. Defendants arrested and incarcerated plaintiff Mark Inabinet in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Mark Inabinet.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Mark Inabinet as alleged herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Mark Inabinet as alleged herein.

77. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Mark Inabinet was incarcerated unlawfully for thirty days.

78. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Mark Inabinet.

79. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Mark Inabinet's constitutional rights.

80. All of the foregoing acts by defendants deprived plaintiff Mark Inabinet of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    Not to have cruel and unusual punishment imposed upon him; and

    E.    To receive equal protection under the law.

## FIRST CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW ASSAULT

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants' aforementioned actions placed plaintiff Mark Inabinet in apprehension of imminent harmful and offensive bodily contact.

83. As a result of defendants' conduct, plaintiff Mark Inabinet has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: BATTERY

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendant police officers touched plaintiff Mark Inabinet in a harmful and offensive manner.

86 Defendant police officers did so without privilege or consent from plaintiff.

87. As a result of defendants' conduct, plaintiff Mark Inabinet has suffered severe emotional distress as well as multiple bodily injuries, including but not limited to, bruising and swelling to his face and chest, as well two (2) broken ribs.

## THIRD CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE ARREST

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendant police officers arrested plaintiff Mark Inabinet in the absence of probable cause and without a warrant.

90. As a result of the aforesaid conduct by defendants, plaintiff Mark Inabinet was subjected to an illegal, improper and false arrest by the defendants and taken into

custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

91. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

## FOURTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. As a result of the foregoing, plaintiff Mark Inabinet was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

94. Plaintiff Mark Inabinet was conscious of said confinement and did not consent to same.

95. The confinement of plaintiff Mark Inabinet was without probable cause and was not other wise privileged.

96. As a result of the aforementioned conduct, plaintiff Mark Inabinet has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

99. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

100. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

101. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff Mark Inabinet.

102. As a result of the aforementioned conduct, plaintiff Mark Inabinet suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

103. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Defendant the City of New York owed a duty to the public at large, including but not limited to plaintiff Mark Inabinet, to exercise reasonable care in the

selection, hiring and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

105. Defendant The City of New York failed to use reasonable care when it hired defendants polices officers "John Doe" #1 - 10.

106. Defendant The City of New York failed to make reasonable inquiries into the background of defendant police officers "John Doe" # 1 - 10.

107. Had defendant The City of New York used reasonable care in inquiring into the background of defendant police officers "John Doe" # 1 - 10, it would have learned that they were patently unqualified to serve as police officers in the New York City Police Department.

108. As a result of the foregoing, defendant City of New York breached its duty to use reasonable care in the selection and hiring of all of its employees.

109. As a result of defendant City of New York's negligence in hiring defendant police officers "John Doe" # 1 - 10, plaintiff Mark Inabinet was subjected to excessive force and to a false arrest by defendant police officers "John Doe" # 1 - 10.

110. Upon information and belief, this was not the first time that defendant police officers "John Doe" # 1 - 10 had used excessive force and/or made false arrests against a citizen of the City of New York.

111. Defendant City of New York knew, or in the exercise of reasonable care, should have known, that defendants police officers "John Doe" # 1 - 10 had a propensity for using excessive force and/or making false arrests against citizens of the City of New York.

112. Defendant The City of New York knew, or in the exercise of reasonable care, should have known, that defendant police officers "John Doe" # 1 - 10 had a propensity for engaging in grossly improper, inappropriate and unlawful conduct towards citizens of the City of New York, and then concealing such misconduct by making false accusations against such citizens.

113. Notwithstanding The City of New York's knowledge of the propensities of defendant police officers "John Doe" # 1 - 10, defendant the City of New York retained defendant police officers "John Doe" # 1 - 10 as employees, and allowed them to continue to deal directly with the members of the public, including but not limited to, plaintiff Mark Inabinet.

114. In choosing to hire, and then retain, defendant police officers "John Doe" # 1 - 10, defendant City of New York breached its duty to the public at large, and to plaintiff Mark Inabinet in particular, to use reasonable care in the selection and retention of its employees.

115. Defendant City of New York was further negligent in failing to provide adequate training regarding the use of force against civilians, and in failing to adequately supervise defendants in the performance of their occupational duties.

116. As a result of the foregoing, plaintiff Mark Inabinet is entitled to compensatory damages in the sum of one million dollars (1,000,000.00) and is further entitled to punitive damage against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Mark Inabinet demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       August 6, 2014

BY: _____
    JON L. NORINSBERG (JN-2133)
    Attorney for Plaintiff
    225 Broadway, Suite 2700
    New York, N.Y. 10007
    (212) 791-5396